THOMAS F. ALLEN *vs.* GEORGE W. LEIGHTON.

Penobscot. Opinion January 26, 1895.

*Game.  Partners.  Caribou.  Stat. 1891, c. 95, § 4; c. 126, § 2.*

Where a firm of partners in the course of the partnership business unlawfully has in possession three caribou, each partner has them in possession, and either partner may be held liable for the penalty.

ON REPORT.

This was a *qui tam* action brought under Stat. 1891, c. 126, § 2, by the plaintiff, a game warden, to recover the penalty provided in the act of 1891, chap. 95, § 4, for having in one's possession more than two caribou. After the evidence was out, the parties agreed to report the case to the law court.

(Declaration.) In a plea of debt, for that the said Leighton at said Bangor on the twenty-ninth day of December, A. D., 1892, did have in his possession more than two caribou and parts thereof at one time, to wit: three caribou and parts thereof at one time, to wit: on said 29th day of said December,

1892, contrary to section four (4) of chapter 95 of the public laws of Maine, approved March 25, 1891. Whereby an action hath accrued to the plaintiff who sues as aforesaid to have, demand and recover of the said George W. Leighton the sum of forty dollars for each caribou or parts thereof in excess of two caribou and parts thereof, to wit, the sum of one hundred dollars to the use of the State of Maine.

Plea, general issue, and the following brief statement : That the defendant, and Chas. S. Leighton were market men and provisions dealers on said 29th of December, 1892 ; having an established place of business in Pickering Square, and if this defendant was in any wise connected with the possession or custody of any caribou on said date, it was by virtue of his business in connection with the above named parties and not individually.

Second. That if any caribou was seized by the plaintiff on said 29th day of December, 1892, in which this defendant had any interest at the time of seizure, it was a part of a carcass lying upon the sidewalk in front of the market, at the place of business occupied by the defendant and the party named, called Leighton's Market, which had been left there by other parties and had not been moved or interfered with by this defendant ; that as market-men and provision dealers, having an established place of business in this state, this defendant and each of the parties connected with the market for the sale of provisions as aforesaid, had a right to the possession of two caribou each, at said place of business.

Third. That each and every caribou, lying in front of this market occupied by the defendant and the party named, on the 29th of December, 1892, were lawfully killed and transported and were not subject to seizure at the time named.

The case appears in the opinion.

*T. W. Vose*, for plaintiff.
*H. L. Mitchell*, for defendant.

SITTING : PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, WISWELL, STROUT, JJ.

EMERY, J.   On the 29th day of December, 1892, George W. Leighton and Charles S. Leighton were partners under the firm name of " G. W. & C. S. Leighton," in the market and meat business, having an established place of business at No. 69, Pickering square, Bangor.   On that day they had in possession at their place of business *three* caribou, with intent to sell the same at retail to their local customers.

The statute, however, (1891 ch. 95, § 4,) declares that no person shall have in possession between the first days of October and January more than *two* caribou.   George W. Leighton, the defendant here, was sued for the penalty.   He contends in substance, that inasmuch as there were two members in the firm, each member only had in possession one-half of the three caribou, or one caribou and a half, and hence each had no more than the statute permitted.

It is a familiar principle in partnership law that the control and possession of the partnership goods are presumably in all the partners alike.   All three of these caribou appear to have been in the possession of each and both partners as partnership goods to be sold in the partnership business.   Each partner therefore had them in possession.

Perhaps only one penalty can be collected, but the plaintiff was not required to sue both partners for the violation of the statute.   It can be recovered of either partner.

*Judgment for the plaintiff.*